Good afternoon. Illinois Appellate Court First District Court is now in session. The Sixth Division, the Honorable Justice Mary L. Mick for presiding. Case number 22-0181, American Steel Fabricators, Inc. v. K & K Iron Works LLC. Thank you, Darren. Good afternoon, Council. I'm going to ask each of you to introduce yourselves to the panel and let us know who you represent, beginning with the appellate, and will the appellate also advise us as to whether you want to reserve some time for rebuttal. We generally allot 20 minutes aside, and you can reserve some of that if you're the appellate for rebuttal. We are somewhat liberal. If you're in the middle of a point, we will let you finish it, but generally we'd like you to keep your remarks to 20 minutes, and you can rest assured that you've read the briefs. Beginning with the appellate, will you please introduce yourself? Thank you, Your Honors. Peter Swan on behalf of American Steel Fabricators. And would you like to reserve any time, Mr. Swan, for rebuttal? Yes, I would. Five minutes, Your Honor. Okay. Thank you. Council? Good afternoon, Your Honors. John Sebastian representing K & K Iron Works. All right. Whenever you're ready, Mr. Swan, you may begin. Thank you, Your Honor, and thank the Court on behalf of my client. Today, we are going to be discussing Section 34 of the Illinois Mechanics Lien Act, and specifically the determination of what entities fall within the definition of a contractor or any person interested in the real estate in question. As the Court knows, Section 34 is a party who falls within that definition to demand that a lien claimant who has recorded a mechanics lien foreclose that lien within the statutory 30-day period. I think if you say contractor, you mean liener, don't you? Yes, someone who has recorded a lien, actually recorded a lien. If they just have lien rights generally and have not sought to record them, that does not fall within that statute. But once they've recorded the lien, then a demand can be made on that lien claimant to foreclose that lien. The at issue is a motion to dismiss that was brought by K & K in this matter and granted by Judge Nixon on February 2, 2022, wherein the Court found that construction project did not have standing under Section 34 to make a demand to foreclose upon its subcontractor, which was K & K. We contend that American Steel Fabricators did have standing to issue the Section 34 demand as American Steel Fabricators under the terms of the Illinois Mechanic Lien Act is both a contractor, as that term is used under Section 34, and is a person interested in the real estate as that term is used in Section 34. I'm going to stop you there because the word contractor is not in Section 34. I'm sorry. I misspoke, Your Honor. I misspoke. Lienor. Okay. Yes, a lienor. And why I misspoke is because I'm getting ahead of myself. Section 1 of the Mechanic Lien Act defines a contractor as a person who is being granted a lien on the whole of such lot or tracts of land. So once that you are a person under Section 1 of the Mechanic Lien Act, you are for a lienor under the Act as of the date you sign your contract. And the statute specifically states that the lien shall attach as of the date of the contract. And there's really nothing else that is required for the attachment of the lien under that statute. So therefore, we contend that a contractor such as American Steel Fabricators who did sign a contract to perform construction work on the subject project is by statutory definition also a lienor and therefore has standing to make a Section 34 demand on another person, entity who files a lien on that particular property. Is it your position that your client is a lienor even if he's provided no services or done any work or does not do any money? Correct. I think that's the correct statutory definition. They said the lien attaches as of the date of the contract. Wouldn't that sort of ignore reality though? Because I mean, what purpose or effect would there be of a lien when no money is owed? Well, there would be because you could go through a project on multiple occasions and be owed nothing and then one day be owed a lot and then be paid and be owed nothing. So no one would be able to tell if you are a lienor or not unless the statute was clear that you were granted a lien from a specific date. And the statute picked the date of contracting as the date that the when you're owed money, we'd be all over the place. We could never really determine if someone was a lienor because you'd have to have a second level of inquiry as to whether they were owed money on that date or they're really owed money or they just claim they're owed money. So there'd be all kinds of... The problem with the argument now as you try to pin it on Section 1, is Section 1 speaks to contractors. Your client is actually a subcontractor. Section 21 speaks to subcontractors. And I think if the legislature wanted Section 1 to apply to subcontractors, there will be no need for Section 21. So why don't you move on? You do argue this in your brief. And I think that that's a stronger argument for you. Do you want to move on to Section 21? Well, we do also argue we are a contractor. Subcontractor is defined in Section 21. And that the Section 21 essentially mimics Section 1, but for the subcontractor. And so we'd either fall into the contractor category, which is more general, I guess, because it talks about anyone who contracts for work on a property. And then the more specific section, Section 21, which is essentially the same and grants the same rights, also grants the subcontractor a lien from the date that it first contracts to perform work on the property. I think you're misreading the statute. It's not from the date that it first contracts, it's from the date that it first provides material, labor, service, list goes on and on. So don't misread the statute. It's not from the date of the contract. It's from the date of actually providing the services. It's a little bit different from Section 1. If you read it closely, you'll see that. But you had provide services by this time, had you not? I mean, or is that clear? Well, correct. Because I don't want them to misspeak. I want to make sure. I just want to know. Yeah, correct. I don't believe that's an issue because by virtue of both American Seal Fabricators providing material and its subcontractor performing labor, which K&K Contensa did, clearly we performed work under the subcontract. So I believe in any definition on this case, we would fall into that statutory definition of a contractor or subcontractor. Your opponent argues that you did not allege that in your pleading that you did work or that you owed money. What's your response to that? Well, we attached the lien claim, which is a verified lien claim by the K&K, in which they allege that they performed work as a subcontractor of us under the contract. So clearly, we perform work under the contract as verified by K&K in their lien, which was attached to our complaint, and that we claimed in our complaint that we had a contract to perform, that work was performed, and that K&K would cease performing work under that contract. What you just said sounds like your client was a pastor. Well, we subcontracted part of our work, which was the erection of the steel, to a subcontractor, K&K. We provided the steel that K&K erected, so the K&K couldn't erect anything without the steel being provided. So under the terms of our contract, we both had the erection and the supply of the steel. And so I believe we have pled facts in the complaint, both by the attachment of the lien claim and by claiming when work was in fact performed and when it stopped under the subcontract, as that work was performed by K&K. And again, I don't think that the dismissal was based upon a failure to allege any particular fact insufficiency. I believe the court ruled on standing, that there was just simply lack of standing by a person in our position of American Steel Fabricators to make such a demand. And maybe it's a little bit unclear in the court's ruling because it talks about standing, and then the court dismisses the case on 2615, but doesn't specifically say if there was something that wasn't adequately alleged in the order. And I think that the court really wanted to dismiss under 2615, they would have pointed out what perhaps was not adequately alleged, and it would have been probably without prejudice with leave to amend, if the court felt that those type of facts could be, you know, in good faith. Just to sort of change gears a little bit, if you are a person interested in the real estate, it doesn't matter whether you're a lien or not, correct? Correct. And in the court, we'll note that in the lien claim filed by K&K, we are specifically joined as a person of interest in the caption and in the body of the lien claim. And we are a person of interest, as I believe if the court is going to construe the Mechanic-Lien Act cohesively, that Section 11 of the Act talks about the necessary parties to a case who must be joined and who have an inherent interest in the property and the foreclosure. And American Steel Fabricators would be one of those necessary parties because we are in the chain of contract from the general contractor through K&K. So, you know, if we are a person who is interested in the property, as that term is used in Section 11, I believe it would only be consistent to find that we are an entity that is interested in the property, as that term is used in Section 34 as well. Mr. Swan, can I press you on that point? Section 34 is basically a provision that permits certain persons to require someone else to put up or shut up, right? Correct. If you file a Mechanic-Lien claim, now you have to prosecute it. And if you don't, you're foreclosed. Section 11, on the other hand, is someone who must be named as a defendant in a such action. And my question is, you know, it seems like those two provisions serve different purposes. And is it proper for us to equate the language that talks about any person interested in real estate? Is it proper for us to equate persons from Section 11 to, you know, persons into Section 34? And the reason why I ask you this is, it would seem to me that the person who has the largest interest and the biggest interest in protecting its property would be the owner, right? The owner has a lien impressed on his property. And I suppose a lienor could also have an interest because it might affect that lienor's ability to obtain recourse if he's not paid. And so, you know, your opponent argues that any person interested is boundless. Anyone can put these notices out there. What's your response to that? Well, it's twofold. First, Your Honor, the Mechanic-Lien Act requires an owner, when he receives a notice of mechanic's lien, to withhold the funds and not pay out the funds over the lien claim. And that effect has a downward effect on everyone else who is doing work on the project. So, if the owner has to hold the funds under the Lien Act, that means they can't pay... Actually, in your case, it would be an upward effect, right? Because... Because you have to hold the funds. And my client has to be paid in order to pay K&K and to pay itself. So, my client has an inherent interest, financially, clearly, in the fact that there's a lien claim filed on the project. And I believe that is also why my client would be a necessary party in the case because there's a financial interest too. Because if the lien is prosecuted and it's being foreclosed upon, my client would have an inherent financial interest in that because, again, it wouldn't be able to get paid on the project until that foreclosure is adjudicated and would have to be a necessary party to that. And I believe that's why the legislature made the people in the chain of contract necessary parties, because they understood how these liens affected payment through the chain of contracting on a construction project. Why wouldn't the legislature then have included in Section 34, the phrase parties within the chain of contract as they did in Section 11? Well, I can't speak for the legislature. I believe the term persons with interests in the real estate is an incredibly broad term. And I think the legislator, by using such an incredibly broad term, didn't want to say that there could theoretically be other people very interested in this that don't have a lien claim on the project. And they might be able to clearly fall within the category of someone with an interest in the project. For example, someone who's insuring title might have an interest in the project, a very big financial interest if they're being the surety of title, but they may not be a lien or they may not be an owner, but they may fall within that category. Now, I'm not trying to second guess the legislature, but I think clearly a necessary party to a foreclosure action would clearly be a party interested in the property, because if the property gets foreclosed upon, they're going to become a defendant by necessity. They're going to be drawn into a lawsuit. And clearly, they would have an incredible interest in protecting themselves from that, and also that have an incredible financial interest in ensuring that there is no impediment to the flow of funds down this chain of contractors. I'm sorry to stop you because you're essentially at a time when Justice Walker looks like he has a question. I'm sorry. I did. It's more of a comment than a question, just to kind of keep going, that an occupant could even be a purchase per person of interest, but clearly an occupant would not be someone who would have a right to enforce the lien claim. So that's another example of how that, why the two separate statutes are needed and why the legislature would have separated them. That kind of answers the question that was pinned. Yeah, it's very, very succinctly, yes. Yeah. All right. All right. Counsel, Mr. Stafford? Yes, thank you. So I do appreciate some of the comments, and I'll try to tailor my argument based upon what you've pointed out. But I think it's important to start with what was noted by Judge Nixon in his ruling, the purpose of Section 34 and 35. And he takes from gate concrete forming systems, Prismiski versus, I can't pronounce the last name. In any event, those two cases that Judge Nixon quotes from says that the purpose of Section 34 and 35 is to to force the issue on the validity of claims already filed and to clear a clout on the owner's property created by the filing of a lien. So I think this goes- It's clearly broader than that, counsel. It's clearly broader than the other. Correct. Correct. And what this, the categories, the four categories, we're talking about two of them here. We're talking about lien or, and we're the catch-all one, any person interested in the real estate. Now, I think following what two courts have said as it relates to the purpose, what is that? Who can clout title? A mechanics lien that's recorded, a judgment creditor files an encumbrance, a lender that's recorded a mortgage, a landlord or tenant that have a lease recorded, or a municipality or utility that has a recorded easement. Those are the parties that have the ability to clout title. And if the owner wants to unclout that title under Section 34, they send a notice. But I think that's the any interested party besides the owner would be those categories of people. It's such a significant right, a lien right, that the only person under Section 34 that can tell that party to, as Justice Taylor pointed out, to put up or shut up, would be somebody that has the ability to clout the title, or that has clouted the title. And I think that's the important distinction in interpreting Section 34. I'm sorry, counsel, I'm confused. Why, we're saying that other, any interested party under Section 34 is somebody who has another clout on the title? That's what you're saying it moves? I think any person interested in the real estate is only the parties that have clouted the title. Where do you get that from? Who's, where is the authority from? It's my interpretation based upon the cases and the Mechanics Lien Act. Okay, give us a site because that's not really making sense here. Okay. And I don't believe you cited any case in the brief that suggested that's what any party interested in the real estate is means anyone who has a clout on the title of the minister. I did not see a case that said we did cite to gate concrete and Chris Minsky, which Judge Nixon relied upon in reaching his ruling. I understand that. Okay, but they don't say that, counsel, they don't say what you just said, that that's what any person interested in. They say what the purpose of Section 34 and 35 are. I understand, in terms of an owner, or I will look at those again. Let me ask you a question. Why would Section 34 be narrower? What would be the purpose of having Section 34 in terms of who could force you to litigate a lien? Be narrower than Section 11 in terms of who's entitled to notice? Why would it be? I believe Section 11, first of all, they used a very broad category of parties as it relates to you need to include in your lawsuit. They define necessary party versus Section 34 interested in the real estate. It's two different terms and statutory construction that we cited some cases. Illinois State Treasurer says that when the legislature uses different language, the courts are to assume different meanings were intended. As it relates to your question, why? Well, first of all, Section 11B says all persons who have filed a lien or may assert liens against the premises. Section 34 is much more narrow because it's granting somebody the right to send something to a contractor that's filed a lien and saying, put up or shut up. So if you don't have it more narrow and you have everybody in the chain of title, incohate lien rights, or a buyer's potential lender, a buyer that hasn't closed on the... If you create it to anybody that doesn't have a encumbrance or a lien or that has clouded title, you could get a buyer that files a Section 34 notice, a lender that hasn't closed on the property, a real estate agent that is representing anyone interested in the real estate. And my question for you, counsel, and this is not a trick question. It's a straightforward question. What would be the purpose of giving all those people notice if they couldn't do anything with the notice? Why would they be entitled to notice if they wouldn't be able to do anything? Well, first of all, it would cause contractors who received it to file lawsuits prior to potentially needing to. So practically, it would create litigation that might not be needed. So as pointed out by Mr. Swan, some parties may file a lien, but it may get resolved during... So I think forcing, if anybody's allowed to send the notice, it's going to force practically a contractor or subcontractor to file a lawsuit that may not need to, since you have two years from your last day of work to file a foreclosure lawsuit. So counsel, it's undisputed that a contractor, the original general contractor on the project, would clearly be a lien holder. That's undisputed. Do you agree with that? A lien, have inchoate rights. Would be a lien holder. Okay. Yes. Not a lien holder, your honor, no. Okay. If you're a lien holder, you have to actually perfect your lien. You don't agree that section one says that the contractor is a lien holder upon the date of signing the contract? Well, that's what it says. You don't necessarily have to agree with it. I'm going to move on, but that's exactly what it says. But now what you're saying to us today is you're saying that the subcontractor who has a contract with the general contractor subsequently takes out a contract with your client, who now becomes a sub subcontractor, has no interest whatsoever in the property pursuant to section 34, that they would have a to force you to step up on your lien, to file a claim, to foreclose on your lien. You're saying that there's no inherent interest, there's no financial interest, there's no interest whatsoever to the person with whom you have, your client, with whom your client has contracted, which means that if your client ultimately were to recover funds that they claim is owed to them, the $998,000, then the, surely the owner, the general contractor would not be willing to pay that subcontractor because the subcontractor didn't pay you. And you're saying that you believe they have no interest whatsoever, not even a financial interest, no inherent interest. That's your your honor. My argument is a financial interest doesn't equate to an interest in the real estate itself. So financial interest in a real estate doesn't equate to interest. Is that what you're, is that your argument to us today? A financial interest alone doesn't equate to an interest in real estate itself. You have to perfect your lien. Well, according to the statute, according to the statute, the lien is already there. The lien, the statute clearly says that a contractor has a lien upon the date of the contract. Now, whether or not there will ever be a need to enforce that lien depends upon whether the owner pays the general contractor the money that was agreed to be paid after the work has been done or pursuant to whatever schedule that they worked out. I would say in response to that, your honor, that that is half correct. It's related priority and relation in the relation back doctrine. So you believe relied on by counsel relate to priority in relation back, not perfection. So when you perfect, yes, it's important to have the relation back doctrine. So you can beat other parties that may be asserting a priority to you. The lien is perfected when it's recorded. That's when your mechanics lien is perfected. Well, counsel, I'm sure let's go back to property one-on-one law school. Liens can exist. The purpose of perfecting a lien is to give notice to the world that there is a lien out there. And that put that now people start standing in line based upon when they give that notice to the world. But that's not what actually creates the property one-on-one. The lien is there. It's just that it's not perfected. It's you're not in line to be priority. The priority is based upon who records first. So the person who records his mechanic lien first, he's first in line. Well, she's first in line. She gets paid first. And then whatever is left goes to the second after they're paid. If anything left, it's third and so forth and so on. So that's the way this thing works. You can continue with your argument because I want to be clear that your argument is that because they only have a financial interest, that interest is not enough for them to be able to demand that you foreclose on your mechanics lien. That's your argument today, correct? Correct. That they're not, it doesn't equate to an interest in the real estate itself. And what took me a while to pronounce this word, right? So yes. And I I'll say it wrong about four times. It doesn't equate to a lien or for the section 34 definition of lien or all the case law. And I think I already argued this relates to relation back and perfection is the necessary step in section 34. Mr. Sebastian, I have an observation. This is really for both parties because this is where I'm stuck. It's not entirely clear to me that the term interested parties in section 11 means the same thing as interested parties in section 34. I understand why section 11 has to read broadly because like the mortgage foreclosure law or partition statute, when an action is brought, you want to have all parties before the court so that the court can make a binding determination and everyone's rights are adjudicated. So that I understand why it should be interpreted a lien holder to prosecute his or her lien. And that in my view is something that is extraordinary. But I don't know that any side has really delved into that distinction. So is there something that you can say in that regard to help me out? Yes, Justice Taylor. And I think that was going into one of my arguments or one of my in my outline, what I kind of thought about it in the endgame. So what if there was a judicial sale of the property? What rights would American Steel have as an in cohey right holder as a subcontractor under section one as a necessary party under section 11 None. They'd have no rights at the sale. So you know, but you would be named as a defendant because you're a necessary party because it's so broad under section 11. So presumably, you could prosecute whatever interest you have in that proceeding, right? Yes, but I'm taking it to the judicial sale and assuming that American Steel didn't do anything like they didn't because they were paid. You get to the judicial sale, and they're an incohate right holder. Yes, they're a subcontractor in the chain of custody or the chain of contracting under section one, and they're a necessary party under section 11. But they're not going to receive anything from the judicial sale, because they didn't record they didn't perfect their lien. But that's not why that's not why coming back to Justice Taylor's question. The reason is what you said, because they did nothing in the lawsuit. They decided to ignore the lawsuit now waits for the judicial sale and decide, hey, wait, we're entitled to something really holders. So you kind of change Justice Taylor's question to meet what you wanted it to be. But that wasn't his question. So why is section 34 more narrow than section 11? Yeah, yeah, that is a question. I mean, the language is it's not identical, but it's similar, quite similar. Well, one's talking about necessary parties and one's talking about interested in the real estate. And I guess the question is, why should section 11 be narrowly construed in relation to section 34? I think the intent implied in that is a power versus a right, right? So section 34, you have a power section 11 is who has rights. The right is the right is to be notified of the lawsuit and be named as a party so that you can then defend your interest. Correct. And you're saying that that's something that is distinct from the power to force someone to prosecute early. Exactly. I want to go back to how I read Justice Taylor's question, which is what does a person interested in the real estate? What's your definition of that? And I think you may have answered it, but just clarify for me, who is that? Who does that include in your view? Somebody that's clouded the title. Okay. So somebody who has a lien on the title or any kind of cloud on the title. Correct. Okay. And that's all it was. Yes. The power under section 34. And what does that mean? A cloud on the title that you have to file a lien? Like a mechanics lien or any other type of lien? A judgment lien, encumbrance, mechanics lien, a lender with a recorded mortgage, a landlord that's recorded their lease, a municipal or utility that's recorded an easement. So those would be, those are the only ones I could come up with. Would a less pendants be enough? What, your honor? Would a less pendants be enough? I'll explain. Yes. Yes, I would. No, I know what a less pendants is. Yes, I would. Yes, that's a cloud to title. Okay. And is there any case that has said that I think this is where you and I got stuck before? There's no case, but that's your definition. No, I mean, there's a 1918, I believe James Fleming versus T.I. Galloway that did interpret section 34 and I think section American Steel here fits into that category. And just to give you a quick summary of that case or the holding as it related to section 34, the court found that where a purchaser of a lot had his contract of purchase forfeited and thereafter became a tenant at sufferance, was not entitled to send a section 34 demand to the lien claimant. And the courts say that that person's not someone who's interested in the real estate. Correct. That's the only case, the other section 34 case that counsel relies on Illinois Concrete does not deal with who has authority under section 34. But the premise of Illinois Concrete is that they waive their arbitration rights because they filed a 34 demand and if the 34 demand was waived, then they wouldn't have waived their arbitration rights, correct? Correct, but that argument wasn't raised. It's not directly raised, but it is implied in the holding. Well. Implicit. You're right, it's not directly raised. And, and I've used that case and also been stuck in that case as a young lawyer, as far as sending a section 34 demand and waiving your right to arbitrate with that. You have just a couple minutes left, is there anything else you want to say? I think. Justices, you know, it's also important, and it was the court in Bowman versus Ottney. States as it related to the purpose that I brought up in the beginning of what they found for section 34 and 35. The court considers the consequences of construing the statute one way or the other will avoid a construction that would defeat the statute's purpose or yield absurd or unjust results. And we, we assert here that that's exactly what will happen if a party with an incohate lien right is allowed to send a section 34 notice. What is American Steel supposed to do in your view? They can't get paid while your lien is out there, what are they supposed to do? What I've done in that same case where someone sent me back saying, you don't have standing or authority because you're, you don't have a lien claim and you're just a subcontractor. I go to the owner and say, here's a draft letter, would you send this? And what if the owner says, no, I'm not going to bother. Then you file a petition to bond off the lien. Okay. You've now gone beyond my, my understanding of what happens in these cases beyond that, but you're saying they have other remedies. Yes, your honor. Under, um, I can't think of the section. We, you have the ability to file a lawsuit and file a petition against that party and post a bond to replace their lien and clear the title. It's section 38 of the Mechanics Lien Act. Okay. Anything else from the panel? Uh, one last comment. I think, um, American Steel takes certain sections of the Mechanics Lien Act in isolation instead of reading all sections in harmony. And, um, that's my final comment. Anyone? So you agree that we need to consider the entire act, correct? Yes. Okay. Uh, Mr. Swann. Oh, thank you very much, your honor. Just maybe I'll address just a couple of those quick questions. I think clearly section 34, when it uses the word person's interested in the real estate, uh, does not mean people who have filed an encumbrance against the property, such as a lien or mortgage. That's covered by the term lien or by the term, I'm sorry, by the term lien or, um, so it had to be, it has to be something else other than that. Like a tenant. Like a, like a tenant. So someone else, and I think the legislature. Judgment creditor. Could be a judgment creditor, but they, they would, could record their judgment too. But, um, I think the legislature when determining who has inherent interests in the property, especially when the property is being foreclosed, listed all the parties in the chain of contract. That's the first thing they listed as necessary parties. So I think they recognized through section 11, that those parties clearly have an interest in the real estate. Um, so they named those parties specifically. Clearly section 11 then has other interested parties as well, but clearly has the parties in the chain of contract as, as identified parties with interest. So I think to, to construe the Mechanical Lien Act harmoniously, you've got to say if the legislature would pinpoint the contracting party chain as necessary specific people. They must believe that those people, even if they didn't file a lien and they weren't owners, have an interest in the property enough to be considered necessary parties. So when you look back at section 34 to who they were talking about with other people of interest. That it points directly back and forth. It's the parties, clearly the parties in the chain of contract are interested parties. It would be consistent with why they're necessary parties and, and why they have an interest in the real estate. That interest is both financial, I contend, and it is because they are lienors with incohate lien rights. But like, like the case we cited, WW Brown Construction stated, just because you have an incohate lien right, it's a lien. It is a lien. It just, there are other factors that have to be done in the future to fully perfect it, but it is a lien. And in this case, the KNK lien was an incohate lien. It had been recorded, had not been fully perfected because to fully perfect it, they would have had to file suit within two years or file suit within the 30-day statutory period upon the demand. That's where they failed to fully perfect and therefore the lien fails. But just because it's incohate doesn't mean it's not a lien. So that's my comment on those two questions the court asked, you know, how does section 11 fit into section 34? I think maybe the court doesn't have to go beyond the fact that, that clearly the parties in the chain of contract are interested parties because the legislature has said they're necessary parties, they've identified them by specific, specifically, therefore we believe that they are also interested parties under section 34. I don't think the court's being asked to go beyond that in this particular set of facts because we don't have someone coming out of the blue that is not associated with the contractual chain making the demand. So that's my, those are my thoughts. Mr. Swan, let me get back to my point about equating section 34 and section 11 as it relates to this phrase, person interested in real estate. And, you know, one of the points I've made is that the power under section 34 is a pretty awesome power. I think it's quite atypical because it requires someone else to, you know, and section 11, on the other hand, is simply who must be named in the action. I'm not so sure that the legislature intended the phrases in those two sections to have the same meaning. And as an example of why, you know, we have this, you and your opponent have this in section 34 and that an inchoate lien is not a lien or. And I look at section 11 and section 11 says it includes all persons who may have asserted or may assert means against the premises under this act. And so I think about that and, you know, that sounds like it could include someone who holds an inchoate lien. And so if we look to section 30, section 11, you know, in trying to help inform us about what section 34 means, it seems like we may end up with inconsistent results there. Well, if I can address that, your honor, I don't believe it. If the term lien or is meant to inchoate lien rights under section one or section 21, then it wouldn't be inconsistent because what section 11 is saying, okay, if you want to foreclose their interest out, you need to join these people. And either they've asserted it, which I believe they mean they filed the lien, they've recorded it, sent it out, or they are essentially inchoate, then they haven't recorded them yet, but they still have lien rights. It's the same group. It's lien ors who have inchoate unasserted lien rights and lien ors who have asserted those lien rights. So I think it's the same group. You're not expanding the group. It may be a different way of defining the group by saying both the ones who have recorded and the ones who haven't recorded, or in section 34, you can just So I understand that argument. Could you explain to me in the minute we have left, why is it in the world of mechanics liens, which is this area of law, which is obscure and most lawyers don't understand, but in the world of mechanics liens, why is it necessary that any person who may have some interest in the property, as it's defined under section 11, should also have the awesome power to require a mechanics lien claimant to put up or shut up? Well, there's two reasons. Number one, the lien itself is an awesome power. A lien can completely shut down a construction project, and there is no adjudication of that lien for years, perhaps. So it's an awesome power. So many people would That's because the money has to be, the owner has to hold the money. Owner has to hold the money. You could file a lien for a billion dollars, and it may not be valid, but the owner still has to hold the money, the statute says. So you can completely shut down a project. So there are... And in that case, the owner presumably would exercise his rights by filing the rule, section 34 notice. Correct, but that owner may not be the only one affected. Let's say the project is done. It's finished. Now the owner gets a big lien. He still hasn't paid out any... Still owes a bunch of money to other people, but the project's done. Now the owner is getting the use of the property, can maybe make money off of renting the property, but just holds money, and now no one else is getting paid. So the owner may not even care. The owner may say, I don't care. I'll wait two years. Maybe the lien will drop in two years if they don't foreclose. So the owner may do nothing, but all these other parties are getting affected because now... They'll be at the risk of being sued, right? The contractor presumably could sue them, may not have a lien or may not be able to obtain compensation from the property itself, but they could be sued. Your Honor, if you bond over the lien, it's not necessarily correct what counsel's saying. So at any point, someone could step up, file a petition. Let Mr. Swan finish, please. Yes, Your Honor. Yeah. And I will address the bonding over. Bonding over is essentially paying the lien. You're coming up with the money, paying the lien. So therefore, you can move forward. Not everyone has the ability to have a huge amount of money to pay off a lien. So it's a right, but it's only a right given to the rich. It's not a right given to us all. So the issue is there could be multiple parties affected by the lien claim. And I believe the legislature was trying to be broad on that basis because so many parties could be affected by the filing of a lien claim. Do we have to, in this decision, define all the parties who are parties of interest or is the decision limited to the parties in the chain of contract? I think the parties in the chain of contract is an easy determination of who has an interest in the real estate. And there may be other cases where there's a more difficult determination. But I believe in this case, it's a fairly straightforward determination that a party in my client's position would have an interest in the real estate, both financial and as a lien or, and therefore should be granted this right to make a demand. And it wouldn't be out of the blue for the subcontractor who files a lien claim to expect that there may be a demand made by the party that hired them on the project and who disputes if they're owed any money on this project. So it's not a far reach, and I believe it's supported by the harmonious reading of the statute. And I would thank this court. And if you have any questions, I'll be glad to answer. Mr. Sebastian, I will give you a chance if you think there's something that needs to be corrected. Before he does that, though, because he may want to respond to what I'm about to say, because, you know, the lien can be complicated, because some because you're talking about bonding over an unadjudicated lien, the lien may be for a million dollars. And there may be a dispute over what's owed and maybe only $200,000 is owed. But if you're going to bond over the lien, you've got a bond at a million dollars, which is the amount of the mechanics. So you have seen situations where liens have not yet been adjudicated, and therefore an amount way more than what they should. In response, Justice Walker, so what's difficult for a general contractor, so who American Steel reported to, who was probably upset about our lien, is they have a duty typically in their contract with the owner to bond off a lien or remove a typically it's five days. And in Illinois, that's impossible, because it takes roughly 45 days to bond over a lien. So that process, though, is typically for the people that are controlling the money. So Mr. Swann's comment that, well, it's only for the rich, it's surety credit is not, you're not putting the money up, you have an established bonding line. If you're a contractor that does public works, any public works contract requires bonding. So it's putting that bond in place of it, and it starts the flow of money, and you can later dispute it. So we understand and it's very common. Mr. Swann, you get the last word if there's anything else. I think we've covered the topic. And I would just again, thank the court on behalf of my client for very insightful questions and, and clearly understood the record very clearly in this case. So I would thank the court for its time spent on this matter. Thank you. Thank you both for doing a really helpful job on something that has surprisingly little clear authority on some of these issues. So thank you both. We will take this under advisement, and we will withdraw.